STEPHEN J. LIVINGSTON *vs.* WILLIAM P. LAMB.

The confirmation of a sale of land is an order that can only be reversed by the court making it, after the term at which it was made.

If the proceedings are by motion, under section five hundred and forty-six of the code, the motion itself must show the grounds on which it was made.

" That a sale was made under an excessive levy," * * * that " too much property was levied on and sold to satisfy a debt," are not sufficient grounds to bring a case within any of the causes for which judgment or order can be reversed, on motion, after the term at which the judgment or order was made.

*Elmore & Martin*, for plaintiff in error.

The irregularity complained of, if any, is not sufficient to set aside the levy and sale.

Sections four hundred and forty-eight and four hundred and forty-nine, pages one hundred and fifty.two and one hundred and fifty-three, acts of 1859, only regulate junior executions.

The defendant Lamb would be barred after confirmation of sale. (3 *Law Gaz., p.* 245.)

The act of 1860, (*p.* 175, § 2,) enables the defendant in execution only to designate what part of the property shall be appraised and sold.

The sheriff may, in his discretion, divide and sell the land. (9 *Ohio R. p.* 19.)

The court will refuse to set aside a sale when the ground is a defect of title. (5 *Cowen*, *p.* 38.) Nor will the court set aside the sale on the ground of inadequacy of price. (7 *Cowen*, *p.* 367.)

The rights of third parties have attached and cannot be determined in this proceeding. (7 *Cowen*, 367; §§ 42, 47, *pp.* 87, 88, *acts* 1859.)

If the irregularity exists, as complained, it is only a part of the proceedings, and the court should have dismissed the levy as to a part of the land only, and not the whole, and should have taxed the costs of the motion and all prior proceedings against the plaintiff in execution.

*Lamb and D. Brockway*, for defendant in error.

The judgment of court below must be affirmed. (7 *Mo. R.*, *p.* 346; *Rector vs. Hartt*, 8 *Mo.*, *p.* 448; *Kansas Stat.* 1855, *p.* 253, § 28; *Kansas Stat.* 1859, *p.* 152, §§ 443, 444; 6 *Wend.*, 524.)

By the Court, KINGMAN, J. It appears from the record that the defendant in error sued out of the clerk's office of the district court of Shawnee county, an execution against plaintiff in error, which was placed in the hands of the sheriff of Shawnee county, and was by him levied on one hundred and sixty acres of land. The execution was for ninety-five dollars and forty cents, and costs, amounting to thirty-nine dollars and fifty cents.

The land levied on was appraised at four hundred dollars, and was sold on the 12th of March, 1861, to defendant Lamb, for two hundred and sixty-seven dollars. At the October term, 1861, of the district court of Shawnee county, on motion of Lamb, the sale was confirmed, and at the May term, 1862, of the court, on motion of Lamb, the order confirming the sale, and the sale were set aside. To which ruling of the court plaintiff in error excepted, and brings the case to this court for revision.

Livingston *v*. Lamb.

The confirmation of a sale of land is an order that can only be reversed by the court making it, after the term at which it was made, as provided by section five hundred and forty-six of the code, for certain specified causes.

For some of these causes the proceedings are by motion; for the others, by petition. If by motion, the motion itself must show the grounds on which it is made, so that the court can decide whether the judgment or order can be reviewed at all for the causes alleged, and if they can, whether it can be done on motion, or requires a petition.

The causes set forth in this motion are:

" That said sale was made under an excessive levy; that the said debt and costs did not amount to over one hundred and twenty-five dollars, and the land appraised was appraised at four hundred dollars." " For irregularity of levy and sale, that too much property was levied on and sold to satisfy said debt and costs, two-thirds of the appraisal of which is double the amount of debt and costs."

Upon comparing these causes with the code, it is manifest that the grounds set forth do not bring this case within any of the causes for which judgment or order can be reversed on motion, after the term at which the judgment or order was made. The court, therefore, erred in entertaining the motion and in setting aside the order confirming the sale, made at the previous term of the court.

The order setting aside the confirmation of the sale and the sale, is reversed, and the cause remanded to the district court for Shawnee county, with directions to refuse the original motion made in this case.